# UNITED STATES DISTRICT COURT
for the

Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>ROBERT R. YATES JR.<br><br>Defendant(s) | Case No. 3:12-mj-261 |

FILED
12 AUG -9 AM 9: 44
SHARON L. OVINGTON

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 30, 2012** in the county of **Montgomery** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. s. 841(a)(1) | possession with intent to distribute cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance |
| 18 U.S.C. s. 924(c) | possession of a firearm in furtherance of a drug trafficking crime -- namely, possession with intent to distribute a controlled substance |

This criminal complaint is based on these facts:
See Attached Affidavit of Robert M. Buzzard

☑ Continued on the attached sheet.

*Robert M. Buzzard*
Complainant's signature

Robert M. Buzzard, SA of the FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: August 9, 2012

City and state: Dayton, Ohio

Sharon L. Ovington, US Magistrate Judge
Printed name and title

# AFFIDAVIT

Your Affiant, Robert M. Buzzard, being duly sworn, do hereby depose and state as follows:

1. Your Affiant is a Special Agent of the Federal Bureau of Investigation (FBI) and has been so employed since January, 2002. Your Affiant is currently assigned to the Cincinnati Division, Dayton Resident Agency. As such, your Affiant is charged with investigating crimes against the United States of America, including but not limited to violations of Title 18 and Title 21 of the United States Code (U.S.C.). Your Affiant has received training in drug trafficking investigations and has participated in numerous narcotics-related investigations (ultimately leading to successful prosecution) that involved surveillance, gathering evidence of money laundering, interviewing suspected drug traffickers, and supervising the activities of informants who provided information and assistance which resulted in the seizure of narcotics. Your Affiant is familiar with federal drug laws, and is aware that it is a violation of Title 21, United States Code, Sections 841(a)(1) and 846 to distribute and possess with intent to distribute controlled substances (including heroin and cocaine), as well as to conspire to do the same.

2. This Affidavit is in support of a criminal complaint and arrest warrant for ROBERT R. YATES JR. The information contained in this Affidavit is largely based upon investigations conducted by your Affiant and other law enforcement officers. All of the details of the investigation are not included in this Affidavit, only information necessary to establish probable cause that, on or about May 30, 2012, YATES possessed with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance), and possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

## INVESTIGATION

3. On May 30, 2012, your Affiant was conducting surveillance in the area of 205 Gramont Avenue, Dayton, Ohio and observed a silver Lexus bearing Ohio license plate number FKF2196 back into the driveway of that residence. Your Affiant recognized the vehicle as one driven by a known black male who had an outstanding felony arrest warrant. Your Affiant noted that the driver of the Lexus was a black male who was leaning back in the driver's seat. Your Affiant contacted Dayton Police Detective Matt Locke and confirmed that the felony warrant for this known individual was still active. Your Affiant then requested assistance from additional FBI Task Force Officers and Dayton Police Officers to contact the driver of the Lexus.

4. Dayton Patrol Officer Jeff Spires responded to the area and pulled up in front of the driveway at 205 Gramont Avenue in his marked police vehicle. Upon seeing Officer Spires, the black male driver (subsequently identified as YATES) exited the vehicle and ran. YATES ran through the backyard of 205 Gramont Avenue and jumped a fence into the backyard of 208 Shoop Avenue. Your Affiant and Officer Spires caught YATES in the back yard and placed him into custody. Your Affiant noticed YATES was clenching a plastic baggie in his hand when he was apprehended. Your Affiant retrieved the plastic baggie and noted that it contained several gel capsules filled with suspected narcotics. The plastic baggie containing suspected narcotics was turned over to FBI Task Force Officer Tim Bilinski to be field tested. The plastic baggie

was found to contain approximately 47 gel capsules filled with a substance that field tested positive for heroin. TFO Bilinski also advised there were an additional 13 gel capsules containing a substance that field tested positive for cocaine. A warrant check on YATES revealed he had an outstanding traffic violation warrant for his arrest.

5. Pursuant to YATES' arrest, Dayton Detective Tim Braun conducted a search of YATES' person. Detective Braun discovered a set of house keys in YATES' front pants pocket that fit the front storm door of 205 Gramont Avenue. Detective Braun knocked on the front door of the residence and rang the doorbell for several minutes and received no answer. Eventually, Detective Braun made contact with YATES' brother, JABREE YATES, who came to the front door. Detective Braun, your Affiant, and additional Dayton Police Officers entered the residence and secured it pending the application of a search warrant.

6. Detective Tim Braun drafted a state search warrant for 205 Gramont Avenue, which was signed and authorized by the Honorable Christopher Roberts, Dayton Municipal Court Judge. Thereafter, your Affiant and Dayton Police Officers conducted a search of the residence. In the basement of the residence, which also served as YATES' bedroom, officers located and seized a 12 gauge Mossberg shotgun containing 12 rounds of ammunition. Laying next to the shotgun was a plastic baggie containing gel capsules filled with suspected heroin. Officers also located and seized a plastic baggie containing gel capsules of suspected cocaine from on top of a dresser in the northwest bedroom.

7. The Mossberg shotgun and the baggies containing suspected narcotics from inside the residence were submitted to the Miami Valley Regional Crime Laboratory for analysis. Laboratory results indicated the Mossberg shotgun was test fired and found to be in good working condition. Laboratory results for the baggie of suspected heroin found in the basement indicated there were 67 gel capsules containing heroin. Laboratory results for the baggie of suspected cocaine found in the northwest bedroom indicated there were 11 gel capsules containing cocaine.

8. The baggie of suspected narcotics seized from YATES' hand at the time of his arrest was also submitted to the Miami Valley Regional Crime Laboratory for analysis. Laboratory results indicated the baggie contained 13 gel capsules of cocaine and 46 gel capsules of heroin.

9. Your Affiant conducted a criminal history search on YATES and noted multiple felony convictions that included; drug offenses, firearm violations, and felonious assault. Specifically, YATES has state convictions for possession of heroin, carrying a concealed weapon, and assault. YATES also has a federal conviction for being a felon in possession of a firearm. YATES currently is on supervised release for that conviction with this Court. Notably, YATES advised the probation office that his home address is 205 Gramont Avenue.

10. Based on my training and experience, I know:

    a. The amount of narcotics that YATES possessed is consistent with drug trafficking activity;

    b. Individuals who sell illegal drug often keep firearms at their homes to protect themselves and their narcotics from their customers, robbers, and rival drug dealers. Given the close proximity between the firearm and narcotics recovered from YATES' bedroom, it appears that YATES kept this weapon to protect his drug trafficking business.

    c. Heroin is a Schedule I controlled substance, and cocaine is a Schedule II controlled substance.

11. Based on the facts set forth in the Affidavit, your Affiant believes there is probable cause to believe that, on or about May 30, 2012, YATES possessed with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance), and possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

*Robert M. Buzzard*
Robert M. Buzzard
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 9th day of August, 2012.

Honorable Sharon L. Ovington
United States Magistrate Judge

3